UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.:   8:97-cr-273-T-23TBM

JAMES MICHAEL TERRY
_____/

**ORDER**

The order denying Terry's second motion under 28 U.S.C. § 2255 (Doc. 118) provides the history of this matter through December 22, 2004, and is attached for easy reference.  Thereafter, Terry filed numerous motions seeking copies of documents, seeking amendment of his presentence report, seeking recusal of the district judge, attacking jurisdiction, attacking his plea, and attacking his sentence (Docs. 120, 123, 129, 130, 139, 140, 142, 144, 173, 174), all of which were denied or stricken (Docs. 122, 124, 132, 143, 148, 149, 185).  The appeals of those orders are concluded (Docs. 138, 167, 176, 178, 180, 181, 182, 183, 184, 186, 190, 191) .

Terry again moves (Doc. 192) to "withdraw his plea, as unconstitutional and allow him a fair trial, . . . an evidentiary hearing . . . [or] if none of the above is acceptable, allow Terry a copy of the original tape" of his plea hearing pursuant to Hansen v. United States, 956 F.2d 245 (11th Cir. 1992).  Terry directs the court to "not construe this as a § 2255 or 2241" and provides no other basis for review.[1]

---

[1] Terry is precluded from pursuing a successive motion to vacate without permission from the Eleventh Circuit Court of Appeals.  "Before a second or successive application permitted by this section is
(continued...)

Accordingly, Terry's motion to withdraw his plea, for an evidentiary hearing, or for a copy of the original tape of his plea hearing[2] (Doc. 192) is **DENIED**.

ORDERED in Tampa, Florida, on April 12, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Felker v. Turpin, 518 U.S. 651, 664 (1996); Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999). The district court lacks jurisdiction to review Terry's motion until the circuit court grants him permission to file a successive motion to vacate. Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 799 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

[2] Hansen holds that, "a prisoner's request for access to the court records of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction. . . ." 956 F.2d at 247, n.3. More particularly, Hansen states:

> We do not agree, however, that this right extends to access to the records for the purpose of *preparing* a collateral attack on a conviction. We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.

956 F.2d at 248.