UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.:   8:97-cr-273-T-23TBM

JAMES MICHAEL TERRY
_____/

**ORDER**

An April 12, 2011, order (Doc. 193) denies Terry 's motion (Doc. 192) to "withdraw his plea, as unconstitutional and allow him a fair trial, . . . an evidentiary hearing . . . [or] if none of the above is acceptable, allow Terry a copy of the original tape" of his plea hearing pursuant to Hansen v. United States, 956 F.2d 245 (11th Cir. 1992).  The order informs Terry that the motion provides no basis for district court review because "Terry is precluded from pursuing a successive motion to vacate without permission from the Eleventh Circuit Court of Appeals" and that "[t]he district court lacks jurisdiction to review Terry's motion until the circuit court grants [Terry] permission to file a successive motion to vacate."  (Doc. 193, n.1)

Terry moves (Doc. 201) under Rule 60(b)(6), Federal Rules of Civil Procedure, to "reopen" Terry's earlier motion (Doc. 192).  Terry again asks "this court not to construe the motion as a § 2255 motion or § 2241" motion but to "construe [Doc. 192] as anything it sees fit as to have jurisdiction over the issues."

For the reasons explained in the order (Doc. 193)[1] denying Terry's earlier motion (Doc. 192), Terry's motion (Doc. 201) is **DENIED**.[2]

ORDERED in Tampa, Florida, on August 24, 2011.

                                                     STEVEN D. MERRYDAY
                                                     UNITED STATES DISTRICT JUDGE

---

[1] The first paragraph of Doc. 193 states:

> The order denying Terry's second motion under 28 U.S.C. § 2255 (Doc. 118) provides the history of this matter through December 22, 2004, and is attached for easy reference. Thereafter, Terry filed numerous motions seeking copies of documents, seeking amendment of his presentence report, seeking recusal of the district judge, attacking jurisdiction, attacking his plea, and attacking his sentence (Docs. 120, 123, 129, 130, 139, 140, 142, 144, 173, 174), all of which were denied or stricken (Docs. 122, 124, 132, 143, 148, 149, 185). The appeals of those orders are concluded (Docs. 138, 167, 176, 178, 180, 181, 182, 183, 184, 186, 190, 191).

[2] Rule 60(b) remains unavailable under the governing circumstances for the reasons stated in Gonzalez v. Crosby, 545 U.S. 524 (2005), and related cases.