**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                       **Case No. 8:97-cr-273-T-23TBM**

**JAMES MICHAEL TERRY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on an **Affidavit of Indigency** (Doc. 267) filed by Defendant James Michael Terry, which the Court construes as a motion for leave to proceed *in forma pauperis* on appeal, and Defendant's **Motion for an Extension of Time, Motion Requesting a New Indigency Form for Prisoner** (Doc. 266). A review of the docket reflects that on November 13, 2015, Defendant filed a Notice of Appeal of the Order (Doc. 263) denying his Rule 36 Motion (Doc. 261) to correct errors in his Pre-Sentence Report ("PSR"). *See* (Doc. 264). By the latter motion, he requests a new indigency form from the Clerk's office and an extension of time to file a petition to proceed *in forma pauperis* on appeal. For the following reasons, both Motions should be denied.

A.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte*

*Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007).  Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**.  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> **(A)**   shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)**   claims an entitlement to redress; and
>
> **(C)**   states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)**   the district court- -before or after the notice of appeal is filed- -certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
> **(B)**   a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

2

> prepayment of fees or security therefor, by a person who
> submits an affidavit that includes a statement of all assets
> such prisoner possesses that the person is unable to pay such
> fees or give security therefor. Such affidavit shall state the
> nature of the action, defense or appeal and affiant's belief
> that the person is entitled to redress.
> 
> \*\*\*
> 
> An appeal may not be taken in forma pauperis if the trial
> court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or it was determined previously that the party was financially unable to obtain an adequate defense in a criminal case), and (2) the appeal must be brought in good faith.[1]

B.

A brief review of the pertinent procedural history is useful. Defendant was indicted on a single count for distribution of heroin resulting in the death of two individuals. (Doc. 10). In October 1997, he pleaded guilty pursuant to a plea agreement calling for a mandatory minimum twenty years' incarceration. (Docs. 19, 21). Thereafter, Defendant failed to appear for sentencing. On November 13, 1998, after he was rearrested, Defendant was sentenced to life imprisonment.[2] (Docs. 47, 48). Defendant appealed the judgment. (Doc. 51). In February 1999, while the appeal was pending, Defendant filed a Motion to Correct, Reduce or

---

[1] Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous when it appears that the legal theories are "indisputably meritless" and/or its factual contentions are "clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

[2] At the sentencing hearing, Defendant's *ore tenus* motion to withdraw his plea was denied.

3

Vacate his Sentence (Doc. 63), which he supplemented (Doc. 65). Therein, Defendant asserted the sentence was illegal because two of the convictions and associated probation violations listed in his PSR were not his and that factual error greatly increased his criminal history category and exposure under the guidelines.[3] (Doc. 65). Because his appeal was still pending, the motion (Doc. 63) was denied without prejudice. (Doc. 74). The Eleventh Circuit affirmed the judgment and sentence in December 1999.[4] (Doc. 75).

On December 7, 2000, Defendant filed another Section 2255 motion and memorandum. (Docs. 78, 84). Therein, Defendant did not revisit the claim that his PSR contained factual inaccuracies concerning prior convictions. The motion was denied on August 22, 2001. (Doc. 97). Defendant appealed. (Doc. 100). Both this Court and the Eleventh Circuit denied Defendant's application for a certificate of appealability. (Doc. 106, 109).

On April 4, 2003, the Eleventh Circuit granted Defendant permission to file a successive Section 2255 motion to vacate, set aside or correct his sentence. (Doc. 112). The successor motion was filed on July 9, 2003. (Doc. 114). Among the issues raised, Defendant urged that the PSR contained two false and erroneous felony convictions that did not exist and

---

[3]In the motion, Defendant conceded that the issue had not been raised at sentencing, ostensibly because of confusion and misunderstanding.

[4]Notably, Defendant did not raise any issues concerning the accuracy of his PSR or the import of the same on his sentence on this appeal.

three other charges in the PSR were altered. *See id.* On December 22, 2004, the Court denied the motion. (Doc. 118).[5]

On August 21, 2007, Defendant filed a Motion to Compel the United States Probation Office to respond to a memorandum sent to it by the Bureau of Prisons ("BOP") regarding Defendant's claim that information contained in his PSR was inaccurate. (Doc. 123). The Court denied the motion. (Doc. 124). Defendant filed a Notice of Appeal (Doc. 125) and a motion for leave to proceed *in forma pauperis* (Doc. 126). The Court denied the IFP motion, finding that the appeal was "frivolous." (Doc. 128). The Eleventh Circuit also denied the motion to proceed *in forma pauperis* because the appeal was frivolous and Defendant's appeal was dismissed. (Docs. 136,138).

In October 2008, Defendant motioned the Court to amend his PSR and reduce his sentence. (Doc. 139). He also moved for an Order directing the United States Probation Office to correct errors in his PSR. (Doc. 140). By Order of January 21, 2009, the Court denied both motions, noting that "Terry attempts by repeated but unsuccessful filings to

---

[5]In short, the Court noted that the motion was fundamentally flawed because it was based on Defendant's misconception that he was sentenced as a "career offender." In fact, he was not. And, any inaccuracies in the PSR regarding prior convictions were inconsequential because even if his criminal history score was reduced, the sentence of life would still pertain. The Court noted that the claims raised in the successive motion concerning the PSR were not new claims, Defendant having first raised them in February 1999. The Court recognized that his PSR, in assessing the career offender calculation which was not used, incorrectly attributed to Defendant a conviction for possession with intent to distribute marijuana when the conviction was actually for simple possession, and incorrectly attributed a conviction for grand theft, an offense actually committed by another person. But, even without these two convictions, Defendant was a category five offender, rather than a category six offender, and his applicable guideline range was 360 months to life based on an offense level forty. Thus, disregarding the two disputed convictions reduced his criminal history category but still resulted in a life sentence.

circumvent the prohibition against successive Section 2255 motions by arguing for grouping of offenses and elimination of points attributable to correctly listed prior offenses, the time for which argument is long past." (Doc. 148 at 4). Defendant appealed the denial of the motion to correct his erroneous PSR. (Doc. 150). Both this Court and the Eleventh Circuit denied Defendant's motions to appeal *in forma pauperis,* concluding that the appeal was "frivolous." (Docs. 153, 167). The appeal was dismissed in June 2009. (Doc. 178).

Among many other efforts seeking relief, Defendant filed a motion under Rule 32(i)(3)(C), again seeking to correct errors in his PSR and complaining of the Court's ruling on his successive Section 2255 motion. (Doc. 210). In denying the motion, the Court again noted that Defendant had previously alleged inaccuracies in his PSR in his second motion to vacate sentence (Doc. 114) and in motions to amend his PSR (Docs. 139, 140), and that each motion had been denied by the Court. (Doc. 213). Defendant filed a Notice of Appeal. (Doc. 218). The appeal was dismissed for want of prosecution. (Doc. 224). Thereafter, in May 2012, the Eleventh Circuit declined to reinstate the appeal because the appeal was facially frivolous. (Doc. 233).

Defendant next filed a motion amending his Rule 60(b) motion to reopen his initial Section 2255 motion (Doc. 63), which first raised issues concerning the inaccuracy of his PSR. (Doc. 245). The motion was denied, as was a certificate of appealability and leave to

appeal *in forma pauperis*.[6]  (Doc. 248).  Defendant appealed.  (Doc. 250).  The Eleventh Circuit denied a certificate of appealability and the appeal was dismissed (Doc. 253).

On January 9, 2015, Defendant filed another motion to correct mistakes and clerical errors in his PSR, this time citing Rule 36.  (Doc. 261).  Citing its prior orders, the Court denied the motion.  (Doc. 263).  The Defendant filed a Notice of Appeal (Doc. 264), and by the instant Motion, seeks to proceed *in forma pauperis*.

C.

While the Defendant demonstrates that he is without adequate funds to pay the costs of an appeal, his construed motion to appeal *in forma pauperis* should be denied.  When read in the light of this procedural history, the instant Motion is simply another untimely and inappropriate attempt by Defendant to attack his sentence.  As the Court has demonstrated through multiple prior orders, the errors which Defendant continuously revisits in this Court have been addressed substantively and found inconsequential to his sentence of life imprisonment.  Multiple attempts to appeal the rulings have been found frivolous.  In this latest attack, neither Fed. R. Crim. P. 36 permitting the correction of clerical errors in a judgment, nor Fed. R. Crim. P. 32(i)(3)(C), are apposite to his proceedings or offer Defendant a timely and plausible avenue of relief.  In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his Rule 36 motion to correct errors in his PSR.

---

[6]In this Order, the Court noted the near twelve-year effort by Defendant to force a review of the PSR issue.

Accordingly, it is **RECOMMENDED** that the Court **DENY** Defendant's construed motion for leave to proceed *in forma pauperis* on appeal (Doc. 267) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith.  The Motion for an Extension of Time, Motion Requesting a New Indigency Form for Prisoner (Doc. 266) should be **DENIED as moot**.  It is **RECOMMENDED** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

   Respectfully submitted on this
   6th day of January 2016.

   THOMAS B. McCOUN III
   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge, Steven D. Merryday
Counsel of Record
James Michael Terry, 21919-018, U.S. Penitentiary, P.O. Box 24550, Tucson, AZ 85735